## VOLNEY YOUNG v. THE STATE.

1. UNLAWFULLY CARRYING A PISTOL.—DEFENSE. What circumstances shall be sufficient to show that the danger was or was not imminent and pressing, is not a mere question of law, but a mixed question of fact and law.

2. DEFENSE. See facts that should have been admitted to the jury as a defense.

3. INDICTMENT. An indictment for unlawfully carrying deadly weapons must negative the conditions allowing the bearing of such arms. The State v. Duke, supra, followed.

APPEAL from Goliad. Tried below before the Hon. D. D. Claiborne.

Volney Young was indicted, the indictment charging that Young " unlawfully did carry on and about his person a pistol,

the said Volney Young not being then and there authorized
by law."

On trial he was convicted, and has appealed.

The facts appear in the opinion.

*Geo. Clark*, for State, on motion to dismiss.   The recog-
nizance recites no offense known to the law.   (Dailey *v.* The
State, 4 Texas, 417 ; State *v.* Cotton, 6 Texas, 425 ; Cotton *v.*
The State, 7 Texas, 547 ; McDonough *v.* The State, 19 Texas,
293 ; Horton *v.* The State, 30 Texas, 191 ; Paschal's Digest,
2d vol., Article 6599.)

" Conveying a pistol about his person " is not an offense
known in the law.

*N. G. Kettrell* also for State.

GOULD, J.   It appears by bill of exceptions that the defend-
ant offered to prove that some three weeks prior to the time
he was seen with a pistol, "he was assaulted by Ambrose
"Hawkins, an adult rough, and knocked down three times
" with a bludgeon, and that upon this occasion said Ambrose .
" Hawkins drew a knife on defendant, and was prevented
" from killing him by the timely interference of bystanders,
" who pulled him away from defendant, and when so taken
" away the said Hawkins exclaimed, ' If I didn't kill you this
" 'this time, damn you, I will do it yet.'   That defendant feel-
" ing his life endangered by these threats, promptly made an
" affidavit and had the said Ambrose Hawkins arrested; and
" that said Hawkins had the examination of said case post-
" poned ;   and whilst said case was pending, and before the
" trial thereof, defendant was seen with the pistol at the time
" laid in the indictment ; and that defendant's friends and rel-
" atives, believing his life to be endangered, counseled him to
" carry arms in defense of his person until the case against
" said Ambrose Hawkins was examined and disposed of; which
" evidence was excluded by the court, upon the ground that
" Ambrose Hawkins was not present when defendant was seen

"with the pistol at the time laid in the indictment, and there-
"upon the danger was not immediate and pressing." What
circumstances shall be sufficient to show that the danger was or
was not "immediate and pressing," evidently is not a mere
question of law, but a mixed question of fact and law. The
statute does not prescribe that the party from whom an attack
is feared must be actually present before preparation is made
for self-defense. It is easy to imagine circumstances under
which the danger might be most imminent, though the person
from whom it was threatened was not immediately present.
The court should have admitted the evidence and submitted
the defense as a question of fact to the jury, giving them, of
course, proper instructions as to the meaning of the statute.
In reversing and remanding the cause for this error, it is
proper to call attention to the indictment under which the
ruling in the case of The State v. Duke, just decided, is de-
fective.

The judgment is reversed and the cause remanded.

　　　　　　　　　　　　　　　　　　　　　　Remanded.