## J. LEATHERWOOD *v.* THE STATE

1. JURISDICTION OF JUSTICES' AND COUNTY COURTS. — The limited jurisdiction of misdemeanors conferred upon justices' courts by the present Constitution and laws is not an exclusive jurisdiction, but one which is concurrently possessed by the County Courts. There is no class of misdemeanors of which the justices of the peace have exclusive jurisdiction. *Solon* v. *The State*, 5 Texas Ct. App. 301, referred to for a full exposition of the constitutional and statutory provisions on this subject.

2. SAME — CARRYING WEAPONS — CONSTITUTIONAL LAW. — The County Courts have concurrent jurisdiction with the justices' courts to try persons charged with unlawfully carrying weapons. Forfeiture of the weapon, however, as part of the penalty prescribed by the act creating the offence (Pasc. Dig., art. 6512), is unconstitutional, and cannot be enforced.

3. INFORMATIONS for unlawfully carrying weapons should negative the exemption of the accused by virtue of each and every of the exceptions specified in the act. The State, however, is not required to prove these negative averments.

APPEAL from the County Court of Jack. Tried below before the Hon. I. STODDARD, County Judge.

The opinion states the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.  The appellant was tried in the County Court, before the judge, on both the law and the facts, a jury being waived, on an information, wherein it is charged that he, in the county of Jack, on March 15, 1878, " not then and there being on his own premises, or at his own place of business, did then and there unlawfully carry on his person a certain pistol, the said Jesse Leatherwood not then and there being a person authorized by law to carry said pistol, and not then and there having reasonable grounds for fearing an unlawful attack on his person, contrary," etc. ; and he was by the court adjudged guilty, and fined $25, and ordered into custody until fine and costs should be paid, and execution was ordered as well.  Motion for new trial was overruled, and the costs adjudged against the defendant ; and this appeal was taken, and is here on the following assigment of errors :  " 1. The court erred in not dismissing the cause for want of jurisdiction.   2. In ruling that the negative of the information need not be proved by the State.   3. The verdict is contrary to law and evidence."

When we look into the record, we are at a loss to see even a pretext for an apology for bringing this case here on the grounds upon which the appellant expects a reversal of the judgment of the County Court.   There is not a word in the record which places him in a proper position to have any one of the errors complained of inquired into.   True, he assigns as error that the prosecution should have been dismissed for want of jurisdiction ; but we do not find any plea to the jurisdiction of the court, or even an oral objection thereto.   On the contrary, he went to trial on a plea of not guilty, agreeably to the recitals in the judgment, and the only issue submitted was whether he was guilty or not

guilty. The judge, the judgment-entry recites, after hearing the evidence and the argument of counsel, as well for the State as for the defendant, was of the opinion that he was guilty of carrying a pistol as charged in the information.

Again: complaint is made that the court erred in ruling that the negatives of the information need not be proved by the State; but the record does not inform us, by bill of exceptions or otherwise, that the court made any such ruling. And again: it is contended that the verdict is contrary to law and evidence, but there is no statement of facts, nor are we in any manner informed what the testimony on the trial really was; all the information given us by the record is, that the court heard the evidence. We cannot, in the face of this statement, presume that the court found without evidence, nor can we presume that the finding was on improper testimony, else some complaint would have been made on that score. There is not only no statement of facts, but neither is there any exception taken to, or motion to quash the information, nor any bill of exception to any action or ruling of the court.

In the motion for a new trial it is contended, for the first time, that the County Court had no original jurisdiction to try misdemeanors of this character. This, if true, would defeat the judgment; but we do not concur in that opinion. There is no *exclusive jurisdiction* in the justices' courts to try misdemeanors. In *Solon* v. *The State*, 5 Texas Ct. App. 301, this subject was carefully considered; which see as to the jurisdiction of the justices' courts in misdemeanors, and where the several constitutional and statutory provisions are construed and applied. See also *Jennings* v. *The State*, 5 Texas Ct. App. 298. In the class of misdemeanor cases which, under the law, the justices' courts have jurisdiction, that jurisdiction is not exclusive of, but concurrent with, that of the County Courts; and so, in the present case, the County Court had jurisdiction of the case set out in the

information.    But that portion of the penalty which forfeits the pistol is unconstitutional, and cannot be enforced. *Jennings* v. *The State*, 5 Texas Ct. App. 298.

The information attempts, by proper negative averments, to allege that the accused did not come within any of the exceptions mentioned in the statute, which, by law, permitted him to carry a pistol.    It is intimated in the motion for a new trial that the State failed to prove that the defendant did not come within these exceptions.    This position is untenable.    In *Duke* v. *The State*, 42 Texas, 455, the court say, on page 461 : " That the defendant was in no danger of an attack, and, perhaps, that he was not a peace officer, being averments of facts peculiarly within defendant's knowledge, so that he could have no difficulty in showing the truth, no proof of such averments on the part of the State would be required.    In the absence of proof, the presumption would be against the existence of facts so exceptional in their nature."    Whilst it is not required that the negative averments should be proved by the State, yet in offences of this character the indictment or information must negative the existence of the facts which would show that the accused was not within the exceptions.    *Young* v. *The State*, 42 Texas, 462.

In the present case, the pleader has certainly attempted so to do in framing the information.    If he has failed to do so in any one of the exceptions, it should have been called to the attention of the court at some stage of the trial below, and in a proper manner, — that is, by exception, or motion to quash, or by motion in arrest of judgment. The information is sufficient.    *Smith* v. *The State*, 42 Texas, 464.

We are of opinion there is no such error in the proceedings, so presented by the record, as that we would be authorized to disturb the finding and judgment of the County Court.

The judgment is affirmed.

*Affirmed.*