## AUSTIN LEWIS *v.* THE STATE.

1. CARRYING WEAPONS — INDICTMENT. — The Revised Code does not, as did the previous law on this subject, embody in the enacting clause the exceptions prescribed; and therefore there is now no occasion for the indictment or information to negative the exemption of the defendant under the exceptions. They are matters for the defence to prove.

2. BURDEN OF PROOF. — Though the burden of proof never rests on a defendant in a criminal case, yet when the inculpatory facts have been proved it is incumbent on him to prove any facts on which he relies for exculpation, unless they appear in the evidence against him.

3. THE RIGHT TO KEEP AND BEAR ARMS in defence of one's self or of the State affords no defence against an indictment for carrying prohibited weapons.

APPEAL from the County Court of De Witt. Tried below before the Hon. O. L. THRELKELD, County Judge.

The opinion sufficiently discloses the case.

*W. R. Friend,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

CLARK, J. Under the provisions of our present Penal Code regulating the keeping and bearing of deadly weapons, it is unnecessary in an indictment to allege more than that the defendant did unlawfully carry upon his person, etc., the forbidden weapon. Under former laws, the exceptions were contained in the enacting clause, and it was requisite that each should be substantially negatived. It was never necessary to prove these negative averments, they being always held as matters of defence. *The State* v. *Duke,*

42 Texas, 462; *Summerlin* v. *The State*, 3 Texas Ct. App. 444; *Leatherwood* v. *The State*, 6 Texas Ct. App. 247.

While the burden of proof never rests upon a defendant in a criminal case in the sense in which it is understood with reference to civil causes, yet when the facts and circumstances have been proved which constitute the offence it devolves upon the accused to establish the facts and circumstances on which he relies to excuse or justify the prohibited act or omission, unless they appear in the evidence against him. Penal Code, art. 51; *Leonard* v. *The State, ante,* p. 417.

In the case at bar, the State was only required to prove the venue as laid, and the act of carrying upon the defendant's person the prohibited weapon at some time within the period of limitation. If the defendant was a soldier or a peace-officer, etc., or was at the time on his own premises, or travelling, or in imminent danger, such fact was peculiarly within his own knowledge, and he should have shown it by the evidence either of his own witnesses or those of the State.

No attempt was made to do this, but his defence is rested upon the ground that the mere fact that he had a pistol on his person in the county of De Witt at the time alleged did not place him beyond the constitutional privilege " to keep and bear arms in defence of himself or the State." We think it did, in view of the regulations prescribed by law for bearing arms, with a view to prevent crime. Bill of Rights, sect. 23.

The judgment is affirmed.

*Affirmed.*