## STATE OF MISSOURI, Respondent, v. MILES, Appellant.

**St. Louis Court of Appeals, April 2, 1907.**

1. **ARMS: Carrying Concealed Weapons.** Under the statute, one traveling peaceably through the State has a right to carry a concealed weapon upon his person, but where such a person makes an unprovoked assault upon another in another State and then immediately comes into this State in company with the person assaulted, carrying a concealed weapon for the purpose of renewing the assault here, he is not traveling peaceably through the State and is guilty of the offense of carrying a concealed weapon.

2. ———: ———: **Evidence.** In a prosecution of a traveler for carrying a concealed weapon, where it was shown that the defendant was a passenger on a train in possession of the weapon, evidence that he had assaulted the conductor in another State just before arriving into this State was admissible in evidence for the purpose of showing that he was not a peaceable traveler.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

Duncan & Bragg for appellant.

L. L. Collins for respondent.

BLAND, P. J.—Appellant was convicted of carrying a pistol concealed upon his person. He did not deny having the pistol on his person, but denied that he had it concealed, and also set up as a special defense, the fact that he was traveling peaceably through the State at the time. The evidence shows that about the first day of July, 1905, appellant, with two or three friends, took passage on a 'Frisco train at Memphis, Tennessee, and paid their fare to Big Creek, Arkansas. Their destination, however, was Hayti, Pemiscot county, Missouri. It was night when the train reached Big Creek, and appellant was intoxicated and asleep. The conductor of the train was about to wake him at Big Creek, when his companion informed the conductor that appellant would go on to Hayti and paid his fare to that station. Appellant was awakened by his friends and told that the conductor was about to put him off the train. A short time thereafter, the conductor came through the car and appellant asked him why he did not wake him and, without a word from the conductor, struck him on the head with a pistol. This took place in Arkansas. After the train crossed the line into Missouri, in Pemiscot county, appellant sat quietly in his seat with his coat off, holding the pistol in one hand, but partially concealed by his vest and pants. According to the State's evidence, no part of the pistol was in open view and could only be seen by looking in a certain direction, and from a certain point. Appellant testified he was on his way from Oklahoma to Hayti, and stopped over in Memphis the night before he took passage on the 'Frisco train, was up late and had been drinking, and was sleepy; that he had the pistol in his satchel and when his companions told him the conductor

was about to put him off, he got the pistol and then "had a row with the conductor;" that he thought the conductor might get a pistol and come back at him so he held his pistol until he left the train at Hayti, but was perfectly peaceable after the line between Arkansas and Missouri was crossed. Appellant objected to what took place in Arkansas. Under ordinary conditions his objection would be well taken. One of his defenses was that he was peaceably travelling through the State and had a right to carry the pistol concealed upon his person. The statute concedes the right of one peaceably travelling through the State to carry a weapon concealed upon his person, but it does not concede the right to one who, as did appellant, makes an unprovoked assault upon another in another State and then immediately comes into this State, in company with the person assaulted, carrying a concealed weapon for the purpose of renewing the assault here. In such circumstances, he was not peaceably travelling through this State, and for this reason appellant's conduct with his pistol in the State of Arkansas was admissible to show that he was not a peaceable traveller through this State. His own evidence convicts him of not being a peaceable traveler through this State, and for this reason the court did not err in refusing his instructions, on the theory that he was travelling peaceably through this State. In respect to whether or not appellant had the pistol concealed on his person in Pemiscot county, we think, was a question for the jury under the evidence, and that the evidence was sufficient to support the verdict that he did have it concealed.

No reversible error appearing, the judgment is affirmed. All concur.