STATE OF MISSOURI, Respondent, v. COUSINS, Appellant.

**St Louis Court of Appeals, May 12, 1908.**

1. **CRIMES: Exhibiting Deadly Weapon: Traveling Peaceably Through the State.** Persons traveling peaceably through the State are exempt from the provisions of section 1862, Revised Statutes 1899, and stand on the same footing as police officers, etc., such persons are not liable to prosecution either for carrying concealed weapons or for exhibiting deadly weapons, in a rude, angry and threatening manner.

2. ————: ————: ————: **Disturbing Peace.** But where a person traveling through the State and carrying a weapon disturbs the peace of other persons, by exhibiting the weapon, he is not "traveling peaceably" through the State within the meaning of the section and may be convicted for a violation of it.

Appeal from Oregon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*Geo. M. Miley* for appellant.

BLAND, P. J.—By information containing two counts, filed in the Oregon county circuit court, defendant was charged in the first count with unlawfully carrying a pistol concealed on his person; by the second count with unlawfully exhibiting a pistol in the presence of J. M. Huddleston, Ira Hull and Joe Mooney,

in a rude, angry and threatening manner. The jury acquitted defendant on the first count of the information but convicted him on the second one, and assessed his punishment at a fine of $75. The evidence tends to show defendant was a dealer in cattle and that he traveled about in this State and in the State of Arkansas for the purpose of buying cattle. On the day the offense is alleged to have been committed, defendant was boarding at a hotel in Koshkonong, in Oregon county, and preparatory to boarding a railroad train to go to the State of Arkansas, he put on his overcoat, took his pistol from a dresser drawer and placed it in his overcoat pocket. On his way to the station defendant met the prosecuting witness and became involved in a quarrel with him about some stock and during the quarrel pulled the pistol from his pocket, cursed and abused the prosecuting witness and repeatedly threatened to shoot a hole through him. Defendant moved the court to instruct the jury as follows:

"You are instructed in this case that if you believe from the evidence that at the time the matters charged in the information herein, occurred, the defendant was moving or traveling peaceably through this State, then you should find the defendant not guilty."

The court refused to grant the instructions and instructed the jury as follows:

"1. If you believe from the evidence that defendant at the time of the alleged offense was peaceably traveling in the State or just about starting on a trip. then he would have a right while so traveling, to carry a pistol concealed on or about his person and you should acquit him on the first count of the information.

2. If you believe from the evidence beyond a reasonable doubt that this defendant at any time about the, second day of January, 1907, in Oregon county, Missouri, did exhibit a pistol in a rude, angry or threatening manner in the presence of J. M. Huddleston, Ira

Hull and Joe Mooney, or either of them, then you should find the defendant guilty on the second count of the information and assess his additional punishment at a fine not less than fifty, nor more than two hundred dollars, or by imprisonment in county jail not less than five days or more than six months, or by both such fine and imprisonment."

Defendant's contention is that instruction numbered 1 should have been given so as to apply to both counts of the information; that is, that the fact, if shown to the satisfaction of the jury, that defendant was peaceably traveling in the State, or was starting on a trip to Arkansas, then he was not guilty under either count of the information. Both counts of the information are bottomed on section 1862, Mo. Ann. St. 1906. This section creates several distinct offenses, one of which is committed by any person carrying concealed upon or about his person any deadly or dangerous weapon. Another one is committed if any one "shall, in the presence of one or more persons, exhibit any such weapon (any deadly or dangerous weapon) in a rude, angry or threatening manner." The information charges defendant with the commission of these two offenses. The next succeeding section (1863) provides that section 1862 shall not apply to police officers. . . . "Nor to persons moving or traveling peaceably through this State." Defendant insists that as he was traveling through this State he could not be adjudged guilty of any of the offenses created by section 1862, and cites the case of State v. Mosby, 81 Mo. App. (K. C.) 207, as supporting this contention. In that case and in the case of State v. Pollock, 49 Mo. App. 445, it was ruled that an officer of the law whose duty it is to execute civil and criminal process is not amenable to section 1862; that the section does not apply to him and his exemption from the provisions of the section is not subject to qualifications. The same ruling

was made on a like statute in the case of Williams v. State, 42 Tex. 466, cited in the Mosby case. Persons traveling peaceably through the State are, as a class, exempt from the provisions of section 1862, and with reference to it stand on the same footing as police officers, constables, sheriffs and their deputies, and as the exempting section has no qualifications, if defendant was traveling peaceably through the State, section 1862 does not apply to him. But the evidence shows that though defendant was traveling through the State, it also shows he was not traveling peaceably through the State, but on the contrary was conducting himself in such a manner as to disturb the peace of Huddleston and others, and for this reason he is not exempted by section 1863 from the provisions of section 1862.

The judgment is affirmed. All concur.