STATE of Missouri, Plaintiff-Respondent,

v.

Rodney CAVIN, Jr. and Michael Williams, Defendants-Appellants.

Nos. 37803, 37804.

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 2, 1977.

Bell, Harris, Kirksey & Thomas, James A. Bell, St. Louis, for defendants-appellants.

John D. Ashcroft, Atty. Gen., Preston Dean, Paul Robert Otto, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., Thomas M. Daly, Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

SMITH, Judge.

Defendants appeal from their convictions and 2 year sentences for carrying concealed weapons in a court-tried case. Sec. 564.610 RSMo 1969. The trials of the defendants were consolidated at the circuit court level and have been consolidated on appeal here.

Defendants' only issue on appeal is that the evidence was insufficient to establish that they committed the offense charged, in particular that no evidence established that the guns were concealed.

Defendants were passengers in an automobile driven by a third person. The vehicle was speeding on a street in St. Louis. A police car pursued the vehicle, which turned into a service station and stopped in close proximity to a trash barrel. One defendant exited the car from the right front door, the other from the right rear door, and each walked to the trash barrel. The three officers in the police car also exited from their vehicle and one of the officers apprehended both defendants as they were dropping or were about to drop pistols into the trash barrel. Each defendant had a pistol in his hand at the time or just before he was grabbed by the police officer. The events occurred at night but the service station lot was well lighted. The arresting officer testified that when defendants exited from their car he could see their hands and they were not carrying the pistols. At that time he could see their right sides and the fronts of their bodies. Shortly thereafter they turned in the direction of the trash barrel and at that time the police officer could see

the left sides and backs of their bodies. He did not observe the pistols upon their persons. While walking to the trash barrel the officer saw each defendant make a movement with his right hand toward his waistband. When the defendants reached the trash barrel the officer for the first time observed the pistols in their right hands.

 Whether a weapon is concealed within the prohibition of the statute is determined by whether it is discernible by ordinary observation. *State v. Bordeaux*, 337 S.W.2d 47 (Mo.1960). Defendants contend, and we agree, that a weapon is not concealed simply because it is not discernible from a single vantage point if it is clearly discernible from other positions. It may be concealed, however, where it is discernible only from one particular vantage point. *State v. Miles*, 124 Mo.App. 283, 101 S.W. 671 (1907).

We find the evidence here sufficient to support the trial court's finding that the weapons were concealed. The police officer testified that he had an opportunity to see all sides of the defendants' bodies and their hands and did not see the pistols. We take into account, as the trial court could, that the circumstances under which the car was stopped and the immediate exit by the defendants were such as to cause a police officer to be particularly observant for weapons. *State v. Jones*, 523 S.W.2d 152 (Mo.App.1975). The movements of defendants' hands to a potential place of concealment (*See State v. Odzark*, 532 S.W.2d 45 (Mo.App.1976)) and the appearance of the pistols in their hands when they reached the barrel supports the conclusion that the weapons were concealed when the defendants exited from the car. In addition one defendant testified that when the car stopped the driver handed him the pistols and told him to throw them in the trash barrel. While the trial court need not believe his further testimony that he held the guns in open view, the overall effect of his testimony supports a conclusion that defendants intended that the guns not be seen by the police officers who had stopped the car.

Judgments affirmed.

CLEMENS, P. J., and DOWD, J., concur.