STATE of Missouri, Respondent,

v.

Johnny Lee MASON, Appellant.

No. 60515.

Supreme Court of Missouri, En Banc.

Sept. 12, 1978.

Rehearing Denied Oct. 10, 1978.

Robert A. Simons, Kansas City, for appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

DONNELLY, Judge.

Appellant was convicted of carrying a concealed weapon under § 564.610, RSMo 1969, in the Circuit Court of Jackson County, and was sentenced to fifty days in the Jackson County Department of Corrections. On appeal, the Court of Appeals, Kansas City District, reversed and remanded for new trial. The case was then transferred to this Court, by order of this Court, and will be decided here "the same as on original appeal." Mo.Const. Art. V, § 10.

On October 17, 1975, appellant was stopped for exceeding the speed limit on highway I–70 eastbound just outside of Kansas City. Appellant's young son and a friend were traveling with him. Appellant removed a handgun from his pocket and dropped it to the ground after being asked to submit to a frisk. The officers recovered the gun, the subject of this charge.

Appellant testified that he was taking the gun to his sister in St. Louis, at her request, and that he intended to drop the gun at her house and drop his son at his mother's house in St. Louis before he and his friend continued on to Chicago for a week-end visit. Appellant readily admitted having the gun on his person, and stated that when he was asked to submit to a frisk he panicked and tried to dispose of it.

At the conclusion of the evidence, the prosecutor submitted Instruction No. 5 in the form of MAI–CR 13.10. Appellant requested a modified instruction which would include an additional element requiring that in order to support a conviction the jury must find that "the defendant was not a person traveling in a continuous journey peaceably this [sic] state." The trial court heard arguments concerning the applicability of the element sought to be added by appellant and the court then rejected appellant's request on the following basis: "The whole question * * * is an interpretation of the language of the statute which exempts from the criminal provisions of Section 564.610: 'Persons traveling in a continuous journey peaceably through this state.' * * * The Court, relying upon the definition of the statutory language as extracted from *Webster's Unabridged Dictionary,* concludes that the factual situation of an individual such as this defendant passing from point to point within the state of Missouri is not a person traveling in a continuous journey through the state."

The determinative question is whether a person whose journey begins in Kansas City and is to end in Chicago is a person "traveling in a continuous journey peaceably through this state."

The exemption contained in § 564.610, RSMo 1969, for "persons traveling in a continuous journey peaceably through this state" has remained unchanged since it was first enacted in 1909. § 4496, RSMo 1909. Prior to 1909, the statutory exemption applied "to persons moving or traveling peaceably through this state." § 1275, RSMo 1879. The present exemption has not been interpreted as to its meaning, except insofar as *State v. Cooper*, 563 S.W.2d 784 (Mo. App.1978), interpreted it to encompass a journey which both began and was to end outside the state. The prior exemption was interpreted by two cases, relied on by appellant to sustain his contention that the present exemption applies to a person whose journey begins in Missouri and is intended to end outside the state, as was appellant's.

In *State v. Cousins*, 131 Mo.App. 617, 110 S.W. 607 (1908), a defendant who boarded a train in Oregon County, Missouri, with the intention of traveling to Arkansas, was held entitled to an instruction acquitting him on the charge of carrying a concealed weapon if he was "peaceably traveling in the state, or just about starting on a trip." In *State v. Miles*, 124 Mo.App. 283, 101 S.W. 671 (1907), a defendant traveling from Memphis, Tennessee, to Hayti, Missouri, was recognized as entitled to such an instruction if he was traveling peaceably.

Respondent contends that the change made by the legislature in the exemption, adding the words "continuous journey", was intended as a response to the *Cousins* and *Miles* cases, and that the present exemption is intended to apply only to travelers whose journeys both begin and end outside of Missouri, as in *Cooper*. Respondent further contends that the definitions of "continuous" and "through" indicate that the exemption is to apply only to travelers who are merely passing through Missouri and who do not begin or end their trips in the state. As defined in *Webster's Third New International Dictionary*, "continuous" means:

"1 a: characterized by uninterrupted extension in space: stretching on without break or interruption * * *

b: characterized by uninterrupted extension in time or sequence: continuing without intermission or recurring regularly after minute interruptions * * *"

The word "through" is defined by the same dictionary as:

"1 a * * * (3)—used as a function word to indicate extension from one end or boundary (as of a place or area) to another [a road * * * the desert] [a path * * * the woods]"

However, the word "through," as used in another criminal statute, § 563.070, RSMo 1969, has been interpreted as indicating movement from point to point within a broad expanse or area within the State of Missouri. In *State v. Smith*, 431 S.W.2d 74, 78 (Mo.1968), a prosecution for transporting a female person through this state for the purpose of practicing prostitution, a transportation from the City of St. Louis to St. Louis County was held to be "through or across this state * * *." Cases from other jurisdictions indicate generally that a traveler need not be traveling from a point outside the state to another point outside of it, but may be traveling on a journey within the state's borders and still meet the exemption requirements. 79 Am.Jur.2d Weapons & Firearms § 17, p. 22; 94 C.J.S. Weapons § 9c, p. 497. The emphasis in these cases is on "journey" or "traveler" and not on the distance traveled.

 We believe appellant's journey from Kansas City to Chicago clearly raises the issue of whether he is in an exempt class, and should have been submitted to the jury. Respondent contends that appellant's planned stops in St. Louis remove the exemption. However, appellant was not apprehended with a gun *during* one of these stops but was clearly journeying at the time he was stopped. We do not believe he was taken out of the class of exempted persons by these intended stops.

We note that appellant did not timely file his motion for new trial. Therefore, the alleged error in the instruction must be reviewed under Rule 27.20(c), the plain er-

ror rule. *State v. Collett,* 542 S.W.2d 783 (Mo.banc 1976). We have reviewed the record in this case and believe, under the facts and circumstances, that the error in the instruction resulted in manifest injustice or miscarriage of justice.

The judgment is reversed and the cause remanded for new trial.

MORGAN, C. J., and SEILER, J., and SIMEONE, Special Judge, concur.

FINCH, J., dissents in separate dissenting opinion filed.

BARDGETT and RENDLEN, JJ., dissent and concur in separate dissenting opinion of FINCH, J.

FINCH, Judge, dissenting.

I respectfully dissent.

A statute making it an offense to carry concealed weapons in public assemblages was adopted in 1874. Laws 1874, p. 43. At that time there was no exception for travelers.

In 1879 the legislature enacted § 1275, RSMo 1879, which created such an exception. It followed § 1274, the section which prohibited the carrying of concealed weapons, and stated:

"The next preceding section shall not apply to . . . persons moving or traveling peaceably through this state . . . ."

As noted in the principal opinion, this exemption was interpreted and applied in *State v. Miles,* 124 Mo.App. 283, 101 S.W. 671 (1907) and in *State v. Cousins,* 131 Mo. App. 617, 110 S.W. 607 (1908). In *Cousins,* the exception was held to be applicable to a traveler who was engaged in a journey originating in Missouri and terminating in another state, and in *Miles,* to one on a journey originating outside Missouri and terminating in Missouri.

In the next legislative session following the decision in *Cousins,* the statute was amended, Laws 1909, p. 452, so that the exception was changed from "persons moving or traveling peaceably through this state" to "persons traveling in a continuous journey peaceably through this state." The exception has remained unchanged up to the present time.

The state argues that when the legislature amends a law, it is presumed that they intended to change the existing law, citing *In re Tompkins' Estate,* 341 S.W.2d 866, 872 (Mo.1960). It points out that the amendment occurred immediately following the *Miles* and *Cousins* decisions and argues that it was a legislative response to those decisions whereby the exemption was amended so as to be applicable only to travelers who are passing through the state and who do not begin or end their journey in Missouri.

The principal opinion rejects that contention. It says that "[t]he determinative question is whether a person whose journey begins in Kansas City and is to end in Chicago is a person 'traveling in a continuous journey peaceably through this state.'" It concludes that the answer is "yes" and that defendant was entitled to the instruction which tendered that issue. By so holding, the principal opinion necessarily holds that the legislative amendment in 1909 did not change the meaning of the exemption for travelers. The legislature accomplished nothing by the amendment.

I am unable to concur with that conclusion. I am of the opinion that the legislature did intend by the 1909 amendment to make a change in the exemption. The legislature does not consider and pass amendments with the idea that they are meaningless and useless acts which accomplish nothing. They are adopted for a purpose and that purpose is change. What, then, would that change be? The words "moving or traveling . . . through this state" were deleted and in lieu thereof the words "traveling in a continuous journey . . . through this state" were substituted. The deleted words had been judicially held in *Miles* and *Cousins* to cover a journey from a point outside Missouri to a point in Missouri and a journey from a point in Missouri to a point outside Missouri. The new language employed indicates an intention to impose a more restrictive requirement for the exemption to be available. "Traveling in a

continuous journey . . . through this state" connotes a more stringent test than "moving or traveling . . . through this state." If that premise is valid, then necessarily the change from the journeys adjudged covered in *Miles* and *Cousins* would be a journey merely passing through Missouri enroute from a point outside the state to a point outside the state. In my view that is what the present exemption means. As the principal opinion points out, one meaning of "through" as defined in *Webster's Third New International Dictionary* means "from one end or boundary . . to another. . . ." When the legislature preceded the word "through" by the words "traveling in a continuous journey" as a substitute for "moving or traveling," it was intending to say, in my view, traveling in a continuous journey from one boundary to another boundary of the state. In other words, they meant entirely through the state.

In interpreting the exemption for travelers provided in § 564.610, we should keep in mind that it is contained in the proviso portion of the statute rather than in the general portion of the statute which defines the offense. When that is the case, the rule is that the proviso is to be strictly construed with doubts resolved in favor of the general provisions of the statute rather than the exception. *State ex rel. Smith v. Atterbury,* 364 Mo. 963, 270 S.W.2d 399 (banc 1954); *City of Nevada v. Bastow,* 328 S.W.2d 45 (Mo.App.1959). Construing the exemption so as to limit it to journeys beginning and ending outside the state is consistent with that principle. The statute was enacted to prevent a practice of carrying concealed weapons because that practice led to frequent killings or woundings. The rationale for the traveler exemption has been generally accepted to be the need during earlier days of our nation for a traveler to protect himself when he went to areas where he was a stranger and needed the protection of his gun. Only five states in addition to Missouri still retain such an exemption. It should not be construed so as to erode the primary objective of the statute of seeking to prohibit the carrying of concealed weapons.

The principal opinion cites and relies on *State v. Smith,* 431 S.W.2d 74 (Mo.1968), and the interpretation of the word "through" in that case. In my opinion that case is distinguishable and does not dictate the result in this case. In the first place the word was used in the portion of the statute defining the offense, not in an exception as in this case. That, as previously noted, calls for a different standard in construing the word. Secondly, as the court in *Smith* noted, the word "through" is a functional word capable of several different meanings depending on its use. The court in *Smith* held that in seeking to prevent the transportation of females for purposes of prostitution, the state sought to deal with such movement from any one spot to another in the state and that distance traveled and the points of origin and destination were immaterial in dealing with such offense. That is substantially different from the word "through" in an exemption portion of the statute seeking to prohibit the carrying of concealed weapons. The exemption, as previously noted, grew out of the early history of our country during which it was considered necessary to permit one to carry a gun for his own protection when he traveled from home to strange areas in which he might need that protection. That considerable distinction, coupled with the legislative history of the statute we construe, justifies ascribing a different meaning to "through" in § 564.610 from that adopted in *Smith* in construing the statute dealing with the transportation of females for purposes of prostitution.

Finally, as pointed out in the principal opinion, defendant did not preserve this question of alleged error in the instructions in a timely motion for new trial. Therefore, the question must be reviewed and relief given, if at all, under the plain error rule. Rule 27.20(c), V.A.M.R. In my view, such refusal did not result in manifest injustice or a miscarriage of justice. Defendant's own testimony discloses that he never intended to take this concealed weapon from Kansas City to Chicago. He testified

that he was taking the gun for the express purpose of delivering the gun to his sister in St. Louis so that she could keep it for her protection. The fact that he planned, after dropping the gun, to continue on to Chicago does not make this a trip on which defendant was carrying the gun from a point in Missouri to a point outside Missouri. So far as the concealed weapon is concerned, this was a trip, according to defendant himself, that was to be made wholly within this state. The principal opinion does not hold that such a trip would fall within the exception in § 564.610. Failure to give the instruction which defendant requested cannot be plain error under these circumstances.

I would affirm the conviction.