**STATE of Missouri, Respondent,**

v.

**Lesley Howard SPEIGHTS, Appellant.**

No. 42985.

Missouri Court of Appeals,
Eastern District,
Division Three.

Aug. 4, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 21, 1981.

Application to Transfer Denied Nov. 10, 1981.

Paul L. Dobberstein, Jr., St. Louis, for appellant.

John Ashcroft, Atty. Gen., Nancy Kelley Baker, Kristie Green, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Presiding Judge.

In a court tried case, defendant was convicted of carrying a concealed weapon, in violation of § 571.115, RSMo. 1978, and sentenced to a five (5) year term of imprisonment. We affirm.

At approximately 11:30 p. m. on April 22, 1979, Detectives Eichelberger, Stewart and Richards were stopped in an automobile facing east at the intersection of Eighteenth Street and Chouteau in the City of St. Louis, Missouri. Located at the northwest corner of this intersection was Kelley's Lounge. Vapor lights and business signs made the corner very well lighted.

From his vantage point within the automobile, Eichelberger noted the defendant

standing outside the door to Kelley's Lounge with his left side to the officer and appearing to look into the front door. Defendant was dressed in a three-piece, corduroy suit with a jacket that came down low enough on his back to cover the rear pockets of his trousers. Eichelberger's attention was further drawn to defendant when defendant retrieved something from his right side and placed it directly behind his back. It was then that Eichelberger saw defendant had a gun. Stewart also observed defendant remove a gun from his right rear pocket and hold it up behind his back.

As the three detectives exited their automobile, Stewart ordered the defendant to drop the gun. Defendant failed to obey, putting the gun underneath his coat and into the right rear pocket of his trousers. Eichelberger restrained defendant and located the gun which was completely covered by defendant's corduroy jacket.

 The only issue on appeal is whether the evidence was sufficient to prove the necessary element of concealment of a weapon on or about the person of the defendant. A weapon is concealed if not discernible by ordinary observation. *State v. Cavin*, 555 S.W.2d 653, 654 (Mo.App.1977); *State v. Murphy*, 610 S.W.2d 382, 384–85 (Mo.App.1980); *State v. Bordeaux*, 337 S.W.2d 47, 49 (Mo.1960). The detectives' testimony supports the conclusion that defendant intended to, and did, conceal the gun from the police officers. There was, therefore, sufficient substantial evidence to support the trial court's judgment.

Judgment affirmed.

REINHARD and SNYDER, JJ., concur.