**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Danny Ray LAWRENCE,**
**Defendant-Appellant.**

**No. 12459.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 24, 1982.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Robert P. Warden, Joplin, for defendant-appellant.

GREENE, Chief Judge.

Defendant, Danny Ray Lawrence, was charged with, jury-tried, and convicted of carrying a concealed weapon, § 571.115, RSMo 1978, and was thereafter sentenced by the trial court to 5 years' imprisonment in accordance with the jury's recommendation.

The only issue raised by Lawrence on appeal is that the trial court committed prejudicial error by overruling his motion for judgment of acquittal made at the close of the state's evidence for the reason that the state failed to introduce sufficient evidence to sustain a verdict of guilty.

In his brief filed here, Lawrence concedes that he did not raise the issue of insufficient evidence in his motion for judgment of acquittal or in his motion for a new trial. Even though the issue was not properly presented to the trial court, we will review defendant's claim under Rule 30.20, V.A. M.R., as requested, since if the evidence was insufficient to support the conviction, plain error affected the substantial rights of defendant, resulting in manifest injustice. *State v. Potter,* 530 S.W.2d 268, 269 (Mo. App.1975).

In undertaking such review, we keep in mind that in determining the sufficiency of the evidence in a criminal case after a verdict of guilty, we accept as true all evidence in the record tending to prove the defendant guilty, together with all inferences that can reasonably be drawn therefrom. We do not weigh evidence, but only determine if there was sufficient evidence from which reasonable persons could have found defendant guilty as charged. *State v. Kelly,* 539 S.W.2d 106, 109 (Mo. banc 1976). Applying this standard, it is evident that the record contains sufficient evidence from which the jury could have found defendant guilty of the crime charged.

The evidence adduced at trial showed that at approximately 4:00 p.m. on the afternoon of March 25, 1981, the Joplin Police Department received a call that two men were on a local lounge parking lot displaying a gun. Officer Allison was dispatched to the scene at which time he saw two men matching the description given by the informant. Allison approached them, and ordered both to put their hands on the roof of a vehicle. Lawrence hesitated, and the officer repeated the command, at which time Lawrence complied. Allison approached the two men to frisk them and inquired if either of them had a gun. Allison testified that he was, at that time, unable to see a gun. Lawrence replied that he had a gun and that it was in his right front pant pocket. When Allison moved directly behind Lawrence, he could see the tip of the gun's handle protruding from Lawrence's pant pocket. Allison then removed a loaded .38 caliber Smith and Wesson revolver from the right front pant pocket of Lawrence.

Whether a weapon is concealed is determined by whether the weapon is discernible by ordinary observation, and a weapon may be concealed if it is discernible only from a particular vantage point. *State v. Murphy,* 610 S.W.2d 382, 384 (Mo. App.1980). The police officer's testimony that he did not see a pistol, despite conditions likely to cause him to be particularly observant for a weapon, is entitled to consideration both at the trial and appellate court levels. *State v. Murphy,* supra, 384; *State v. Cavin,* 555 S.W.2d 653, 654 (Mo. App.1977). The jury evidently believed the gun was not visible by the officer until he positioned himself in a specific area, directly behind Lawrence, and was told by Lawrence that there was a gun in his pant pocket.

The evidence was sufficient to support the finding that Lawrence was guilty of carrying a concealed weapon. The judgment is affirmed.

All concur.