STATE of Missouri,
Plaintiff-Respondent,

v.

Larry Gene CREWS,
Defendant-Appellant.

No. 14629.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 14, 1987.

William L. Webster, Atty. Gen., John M. Morris Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Nancy McKerrow, Columbia, for defendant-appellant.

PREWITT, Presiding Judge.

Following jury trial defendant was convicted of "unlawful use of weapons", § 571.030, RSMo Supp.1984. As a prior offender he was sentenced to three years' imprisonment. Defendant appeals, presenting three points for our review.

Defendant was charged and convicted of knowingly carrying "concealed upon or about his person a firearm, to-wit: a .380

caliber semi-automatic pistol." Defendant asserts in his first point that the trial court erred in prohibiting his counsel from reading to the venire panel in voir dire the portion of § 571.030.3, RSMo Supp.1984, providing that it is not a violation to carry a concealed weapon by a person "traveling in a continuous journey peaceably through this state."

■ We find no merit to this point. Although considerable latitude in examining prospective jurors is granted, they are not to be informed by the parties in voir dire of the law applicable to the case. *State v. Beatty,* 617 S.W.2d 87, 92 (Mo.App.1981). See also *State v. Dixon,* 717 S.W.2d 847, 848 (Mo. banc 1986); *State v. Smith,* 422 S.W.2d 50, 68 (Mo banc 1967), cert. denied, 393 U.S. 895, 89 S.Ct. 150, 21 L.Ed.2d 176 (1968). This point is denied.

For his second point, defendant contends that the state failed to make a submissible case because (1) there was no evidence the pistol was not discernible by ordinary observation, and (2) there was no direct evidence of defendant's intent.

■ In testing the sufficiency of the evidence, the evidence and reasonable inferences therefrom are considered in the light most favorable to the state, and contrary evidence and inferences disregarded. *State v. Murphy,* 610 S.W.2d 382, 384 (Mo.App.1980). Whether a weapon is concealed is determined by whether it is discernible by ordinary observation but is not concealed simply because it cannot be seen from a single vantage point if it can be clearly seen from other positions. *Id.* However, the weapon may be concealed if it is discernible only from one particular vantage point. *Id.* See also *State v. Lewis,* 491 S.W.2d 326, 327 (Mo.1973).

■ There was evidence that the pistol was contained in the right hand pocket of a coat defendant was wearing. The police officer who arrested defendant said that he did not observe the pistol until he discovered it when putting defendant through a "pat-down". The pat-down occurred after defendant had been arrested for driving while intoxicated. Previously the policeman had observed the front of defendant as he walked toward the officer. He observed the back of defendant just before the pat-down. If the weapon had not been concealed, there was no reason that it would not have been seen by the officer.

As there was evidence that the gun was concealed, an inference of intent to conceal arises. See *State v. Jackson,* 645 S.W.2d 725, 727 (Mo.App.1982). This point is denied.

Defendant asserts in his remaining point that the trial court erred in not allowing him to present testimony from his wife of threats made against him and his family. Under this point defendant also contends that his wife should have been allowed to testify that defendant and his family had moved from Springfield, Missouri to Marshfield, Missouri to escape the threats, but had moved back to Springfield when the threats continued. He claims that this "supported appellant's defense that he was traveling on a continuous journey peaceably through the state".

Mrs. Crews testified that her husband had come home about 10:30 or 11:00 p.m. drunk. After she started "griping", she told him "to get the hell out" and he took "his personal things" and left in his car. Where defendant was going is not in evidence.[*]

■ The "threats" would not indicate that defendant was on a "journey". Apparently he came home intending to stay in spite of those threats and the reason he left again was not because of them, but because of his wife's order. As there was no indication that he was acting because of the threats, evidence of threats and what he had previously done because of them was not relevant. There was no error in excluding evidence of the threats and the previous move.

The judgment is affirmed.

HOGAN, FLANIGAN and MAUS, JJ., concur.

See *State v. Mason,* 571 S.W.2d 246, 248 (Mo. banc 1978).

---

[*] What type of journey would come within this exception is a question we need not answer.