**STATE of Missouri, Respondent,**

v.

**Gary R. COLLINS, Appellant.**

**No. WD 48205.**

Missouri Court of Appeals,
Western District.

April 26, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 31, 1994.

Application to Transfer Denied
Aug. 15, 1994.

Jason S. Ginsberg, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John R. Watson, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and
BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

In the trial of Gary R. Collins on a charge of carrying a concealed weapon,[1] the trial court concluded that the so-called traveler's exemption was not applicable to his case. Collins appeals. We reverse and remand for a new trial.

On May 11, 1992, Collins was traveling with his wife and a friend in a car on U.S. 71 near Passaic when a Highway Patrol trooper stopped their car at about 10:50 P.M. for speeding. Collins' wife was driving. Collins was asleep in the backseat. The trooper testified that he drove behind the car for a couple of miles and concluded that it was traveling about 69 miles an hour in a 55–mile-an-hour zone.

The trooper asked Collins' wife to leave the car and to get into his patrol car. After discussing the matter with her for a while in

---

1. The state charged him pursuant to § 571.030.-1(1), RSMo Cum.Supp.1993. That statute said, "A person commits the crime of unlawful use of   weapons if he knowingly ... [c]arries concealed upon or about his person ... a firearm[.]"

his patrol car, the trooper returned to Collins' car to search for registration papers. As the trooper walked up to the car, he saw what appeared to him to be the handle of a firearm stuffed between the separated front seats. The officer asked whose gun it was, and Collins responded that it was his. The firearm was a nine-shot, .22 caliber revolver with eight live rounds in the cylinder.

The officer ordered Collins and the friend to get out of the car while he searched it. Underneath the front passenger seat, he found a .357 magnum revolver. He arrested Collins for carrying a concealed weapon.

Collins wanted the trial court to instruct the jury that to convict Collins it had to find, among other elements, that he "was not traveling in a continuous journey peaceably through this state[.]" Collins based his request on § 571.030.3 which says, "Subdivision (1) of subsection 1 of this section does not apply when the actor ... is traveling in a continuous journey peaceably through this state."

The trial court concluded that "through this state" required that the journey begin and end outside the state, so he refused the proffered instruction. The trio had begun their journey earlier that evening in Springfield and were on their way to Kansas City.

Section 571.030.3 was enacted in 1879 under a notion, we are told, that travelers need to carry a weapon with them for protection against perils which typically do not face them back home among their neighbors. *King v. State*, 839 S.W.2d 709, 711 (Mo.App. 1992). The General Assembly enacted several revisions to § 571.030 in 1993 without amending this provision.

The trial court's conclusion that "through this state" excluded intrastate travel is incorrect, according to the latest pronouncement by the Supreme Court of Missouri. In *State v. Mason*, 571 S.W.2d 246 (Mo. banc 1978), the majority, in a 4–3 split, announced that the issue in determining whether the exemption applied was not whether the journey was interstate or intrastate, but instead whether

the defendant was a traveler on a journey. The court said:

> Cases from other jurisdictions indicate generally that a traveler need not be traveling from a point outside the state to another point outside of it, but may be traveling on a journey within the state's borders and still meet the exemption requirements. 79 Am.Jur.2d Weapons & Firearms § 17, p. 22; 94 C.J.S. Weapons § 9c, p. 497. The emphasis in these cases is on "journey" or "traveler" and not on the distance traveled.

*Id.*, at 248.

The state does not contend that Collins was not a traveler on a journey. It argues only—incorrectly—that the traveler exemption does not apply to intrastate journeys. Hence, we follow the Supreme Court's mandate and apply the exemption to Collins' case. The trial court erred in refusing to add the traveler exemption to the verdict-directing instruction.

The state does not make an issue of the speed zone violation as having any impact on the exemption's requirement that the traveler be moving "peaceably" through the state. The courts have defined "peaceably" as used in § 571.030.3 as being friendly, without contention or strife, quiet, and orderly. *State v. Cooper*, 563 S.W.2d 784, 787 (Mo.App.1978). Surely, friendly and orderly travel through the state would require obedience of traffic laws. The defendant in the *Mason* case, however, had also been stopped for violating the state's speed limit. Given the court's conclusion in *Mason*, we feel compelled to conclude that the exemption applies to a traveler[2] even when his journey is intrastate and even when he violates the state's speed laws. Hence, we reverse the trial court's judgment and remand for a new trial.

All concur.

---

**2.** Because it was not at issue in this case, we do not attempt to define "traveling." We do note, however, that "in its ordinary sense it does not mean moving about from street to street or house to house in the city or its suburbs." 87 C.J.S. Travel (1954).