STATE of Missouri, Respondent,

v.

Michael MURRAY, Appellant.

No. 67745.

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 1996.

Edward L. Armstrong, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

Michael Murray was found guilty of unlawful use of a weapon, a class D felony, in violation of § 571.030.1 RSMo 1986. He contends the trial court should have dismissed the charge because the prosecutor refiled the charge for a second time only after defendant sued the arresting officer. He argues prosecutorial vindictiveness. Alternatively, he requests a new trial because the trial court failed to instruct the jury on the exception to

unlawful use of a weapon contained in § 571.030.3 RSMo 1994. We affirm.

On June 4, 1993 a St. Louis County Police officer observed defendant and formed the belief that he was loading bullets into a magazine of an assault rifle. Defendant was sitting in a car in a bank parking lot. The officer approached the defendant's vehicle. Defendant told the officer that an assault rifle was in the car on the floorboard behind the driver's seat and that a .44 magnum was in his briefcase, also located in the car. Clothing and other items covered the assault rifle. The rifle did not contain a magazine. Defendant's daughter was in the car. She was sitting on a fully loaded magazine for the assault rifle.

Earlier in the day, defendant had picked up the rifle from a gun repair shop while his daughter attended a "tai kwon do" class in the area. They went to the bank where defendant's daughter withdrew money from an automated teller machine. Defendant intended to use the withdrawal to buy dinner for his family before going home. His travels all took place within his community.

The state nolle prossed the original charge of unlawful use of a weapon and returned the weapons to defendant. Defendant then instituted a civil suit for malicious prosecution against the arresting officer and St. Louis County. The state reinstated the same charge after defendant filed the civil suit. At a preliminary hearing on the second filing, the court declined to hold defendant, and dismissed the charge. The state, for a second time, refiled the same charge against defendant. During the second preliminary hearing, the prosecuting attorney informed the court that it was in the discretion of the prosecutor's office to reinstate the charge. He acknowledged that defendant had filed a civil suit against the arresting officer. However, at trial the prosecutor stressed that his superiors made the decision to reinstate, so he had no direct knowledge as to why the charge was reinstated. Several months prior to his criminal trial, defendant dismissed the civil suit.

The jury found defendant guilty of unlawful use of a weapon, and declared the punishment to be a fine in an amount determined by the court. The trial court sentenced defendant to pay a $500 fine.

Defendant argues "the trial judge erred in denying defendant's motion to dismiss the concealed weapons charge on the grounds of prosecutorial vindictiveness when such charges were dismissed and reinstated [two] times." We hold as a matter of law that prosecutorial vindictiveness is inapplicable to the present facts. Every case cited by defendant, and our independent research, fails to support a finding of prosecutorial vindictiveness where each filing was substantively identical to the previous charge and there was no enhancement or addition of new charges.

In order to prove prosecutorial vindictiveness in the pretrial context, the defendant must show that the charge against him was augmented to penalize him for exercising a legal right and that the charge cannot be justified as a proper exercise of prosecutorial discretion. *State v. Molinett*, 876 S.W.2d 806, 809 (Mo.App. W.D.1994); *State v. Massey*, 763 S.W.2d 181, 183 (Mo.App.1988). In the present case, the prosecutor twice reinstated the initial charge of unlawful use of a weapon. No additional charges were added, and the charge was not enhanced. The charge remained the same on each filing. Therefore, as a matter of law, the allegation of vindictive prosecution is without merit. A prosecutor has broad discretion to prosecute, and this decision is rarely subject to judicial review. *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 1530, 84 L.Ed.2d 547 (1985). Point denied.

In his second point, defendant contends the trial court erred in refusing to instruct the jury on the "traveling in a continuous journey peaceably through the state" exception to the offense of unlawful use of a weapon. The exception states: "Subdivision (1) of subsection 1 of this section does not apply when the actor ... is traveling in a continuous journey peaceably through this state." Section 571.030.3 RSMo 1986. The exception enables travelers to protect themselves "against perils which typically do not face them back home among their neighbors." *State v. Collins*, 879 S.W.2d 585, 586

(Mo.App. W.D.1994); *King v. State,* 839 S.W.2d 709, 711 (Mo.App.1992). It applies to interstate and intrastate travel, but its application depends on whether defendant was a traveler on a journey. *State v. Collins,* 879 S.W.2d at 586 (where defendant was found to be a traveler on a journey because his trip began in Springfield, Missouri, and the intended destination was Kansas City, Missouri, and he was engaged in that trip when stopped). In the present case, defendant never left his local community. He made a series of stops after obtaining and concealing the weapon, before returning home for dinner with his family. He was exposed to no unknown perils. The series of stops taken by defendant does not constitute a "continuous journey" with a concealed weapon as required to qualify for the statutory exception. Point denied.

We affirm.

REINHARD, P.J., and GRIMM, J., concur.