### Ransey Smith v. The State.

1. CARRYING DEADLY WEAPONS—PERSONS TRAVELING. See facts held
sufficient as a defense for carrying a pistol.

2. INDICTMENT. An indictment must negative the conditions under which
deadly weapons may be carried. (Duke *v.* The State, *supra.*)

APPEAL from Jasper. Tried below before the Hon. H. C.
Pedigo.

The indictment alleged that defendant " at a place not then
" and there being his own premises or place of business, did
" then and there unlawfully carry on his person a certain pis-
" tol, the said Ransey Smith not then and there being a person
' authorized by law to carry said pistol."

From the statement of facts it appeared that December

25th, 1873, the defendant, who. lived in Jasper county, and was in the employ of Henry Hadnot, started with his wagon to go a distance of sixteen or seventeen miles to a Mr. Watts, in Newton county, after pork for his employer. That defendant, expecting to be gone two or three days, took his bedding and a wallet or saddle-bags along in his wagon, and went prepared to camp out; that while on his way, and while in Jasper county, he reached into his wagon and drew a pistol from his baggage, and snapped two or three times at some partridges, and then returned the pistol to his baggage in the wagon; that it took two days to make the trip.

Defendant being convicted, and motion for new trial overruled, appealed.

*Lipscomb Norvell*, for appellant.

*Geo. Clark, Attorney-General*, for the State.

GOULD, J. The appellant was convicted under an indictment charging that he " at a place not then and there being " his own premises or place of business, did then and there " unlawfully carry on his person a certain pistol, the said Ran- " sey Smith not then and there being a person authorized by " law to carry said pistol." If to this were added " and not then " and there having reasonable grounds for fearing an unlawful " attack on his person," the indictment would, we think, have been sufficient, under the rules laid down in the case of The State *v.* Duke, just decided.

The conviction, however, cannot be sustained under the facts in proof. The defendant, living in Jasper county, started with his wagon to go a distance of sixteen or seventeen miles, to a point in Newton county, after some pork, and expecting to be gone two or three days and to camp out, he took his bedding and saddle-bags or walked along. Whilst on this trip he was seen to reach into the wagon, take a pistol from his wallet and snap it at some partridges, and then return it to his baggage. The law does not prohibit " persons traveling
30

"in the State from keeping or carrying arms with their bag-
"gage." Without undertaking to define the rather indefinite
expression "persons traveling in the State," we are of the
opinion that the facts stated show that the defendant was trav-
eling within the meaning and spirit of the law. Because the
court erred in refusing a new trial, the judgment is reversed
and the cause remanded.

                                        Remanded.