## Tom Irvin v. The State.

### No. 3872.   Decided February 20, 1907.

**1.—Unlawfully Carrying a Pistol—Other Offense—Evidence.**

Upon a trial for unlawfully carrying a pistol, testimony that the witness believed that the defendant was drunk when he arrested him was inadmissible; although this in view of the minimum punishment might not have been reversible error.

**2.—Same—Evidence—Altercation—Traveler.**

On trial for unlawfully carrying a pistol, it was permissible to introduce evidence of a certain quarrel which defendant had, to show defendant's intent in carrying the pistol, and that he was not simply carrying it home.

**3.—Same—Charge of Court—Loitering on Way.**

Where on trial for unlawfully carrying a pistol the evidence showed that defendant, who claimed to carry the pistol to his home, deflected from his course to send a doctor to his children, this would not render him amenable to the law, and a charge that if defendant loitered on the way he would be guilty, without further explanation, was reversible error.

Appeal before the County Court of Fisher.   Tried below before the Hon. J. D. Baker.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

F. J. *McCord,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $100, and prosecutes this appeal.

Appellant reserved a number of bills of exception, but we will only notice such as we deem important. The court permitted the State to prove by the deputy sheriff that he believed appellant was drunk when he arrested him. We do not believe this was legitimate testimony. There is no pretense that appellant was arrested on account of being drunk, but was arrested on the ground that he was at the time unlawfully carrying a pistol. This involved another offense and in nowise, as it appears to us, connected with the offense against appellant, and was calculated to prejudice him before the jury. However, in view of the minimum punishment, this alone might not reverse the case.

Appellant also reserved a bill of exceptions to the action of the court in permitting the testimony to the effect that appellant a short time before the arrest had an altercation or quarrel with certain parties in the drugstore of Pollard & Hilbun. While the introduction of this testimony appears to be on doubtful lines, we are inclined to believe it was admissible as showing appellant's intent in carrying a pistol, his defense being that at the time he was carrying a pistol he was enroute from Roby in Fisher County to his new home and place of business at Hamlin in Jones County, some twenty miles distant, or that he was preparing to go there at the time of his arrest, being on his way to the livery-stable to get a team; the evidence for the State tending to show that such was not his purpose: but it was with reference to a previous difficulty. Appellant further objected to the charge of the court, as follows: "But if on the other hand you believe from the evidence that the defendant was on a journey at the time of his arrest, but was loitering on the way, or if he deflected from the main line or road traveled, went about other matters of business not connected with the prosecution of his journey, then in that event he would be guilty," etc. Appellant objected to this on the ground that the issue was not raised by the evidence, and was on the weight of evidence and was not the law. As stated heretofore, appellant's defense was that he was on his way, from where his wife was staying in Roby temporarily until he could move her to his new home in Hamlin, to the livery-stable to get a team in order to go that evening to Hamlin. There was some evidence on the part of the State in rebuttal of this theory that appellant had passed the livery-stable and had gone across the street in front of a bank where he was arrested and found with a pistol on him. Appellant met this phase of the case with his own and his wife's testimony to the effect that his wife had requested him to send a doctor out to see one of the children, and he was then on his way to the doctor's office before getting the team to go to Hamlin. Now, the law is, on this subject, that appellant has a right as a traveler to carry a pistol, but if he goes about some

other business not connected with his journey, he ceases to be a traveler and would then be amenable to the law. If there was enough in this case to suggest that the court should charge this view, we believe the court, in that case, should also have instructed the jury that if appellant was at the time, while on his journey, merely deflected from his course to send a doctor to see one of the children or get some medicine for one of the children, that this would not render him amenable to the law. What the court meant by the word "loitering" should have been further explained, if it was permissible from the facts of this case to give this in the charge to the jury at all. We do not believe that a man who is otherwise a traveler is required to go in a hurry to his point of destination, and it would be a difficult matter to determine what delay would on the trip cut him off from the defense of being a traveler while he was still in pursuit of his journey. Of course, if he went about some business or pursuit disconnected with his journey, he would cease to be a traveler, but some delay incident to his journey would not deprive him of his defense of traveler. For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*