## ROBERT GOODWIN v. THE STATE.

### No. 4400. Decided January 27, 1909.

**Carrying Pistol—Charge of Court—Traveler.**

Where upon trial for unlawfully carrying a pistol the evidence showed that defendant had begun his journey from this State to the State of Kentucky, and after proceeding some distance discovered that he had left his pocket-book behind; that he returned thereto, and that while at the place of his starting point he was seen with a pistol, and up to that time he had made no unreasonable delay in prosecuting his journey, this in contemplation of law would constitute him a traveler, and this issue should have been pertinently submitted to the jury as requested, although the court submitted a general charge upon this issue.

Appeal from the County Court of Kaufman. Tried below before the Hon. Thos. R. Bond.

Appeal from a conviction for unlawfully carrying a pistol; penalty, a fine of $100

The opinion states the case.

*Woods & Morrow,* for appellant.—On question of refused charges: Irvin v. State, 51 Texas Crim. Rep., 52, 18 Texas Ct. Rep., 798; Stilly v. State, 27 Texas Crim. App., 446.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of violating the pistol law, his punishment being assessed at a fine of $100.

The evidence shows that appellant had started, from the place where he had been residing and working, to Kentucky. That he gathered up his clothes to go to the town of Kaufman where he intended to take the train. Enroute from Tolbert's, the place from which he started, and before reaching Kaufman, he stopped at a relative's. Having discovered there that he had left his pocketbook at Tolbert's, he borrowed a horse and went back to secure the pocketbook. Placing his clothes in his grip and not finding room in his grip for his pistol, he says, he put it in his pocket. On his return to Tolbert's to secure the pocketbook the pistol was seen by someone at that point and this prosecution followed. While at Tolbert's he had had trouble with a negro called 'Tricky Sam.' The evidence is to the effect that the negro accused him of stealing a looking glass, which outraged appellant's feelings, and he stated that he did not like for a negro to accuse him of such things, and the negro said, "I would like to see you help yourself," and picked up two brick-bats or rocks, and said to the defendant, "Don't you get off of that horse, God-damn you; if you do I will knock your God-

damn head off of you," and cursed the defendant and called him "bad names." The negro drew back as if to strike the defendant, and defendant jumped off his horse and drew his pistol, and told the negro not to strike him, and ordered him to throw the rocks down, and Tolbert interfered and told the negro to throw down the rocks and ordered appellant to put up his pistol, which they did.

.The court gave a general charge, to the effect, informing the jury that if defendant was a traveler he would have a right to carry his pistol either in starting upon or in pursuing his journey, or if at the time he was engaged in business connected with his journey he would be entitled to an acquittal; but on the contrary if they should find that he was not in pursuit of his journey, or engaged in business connected with it, they should find him guilty. Appellant requested the court to further charge the jury that if he had begun his journey for the purpose of leaving Kaufman County for the State of Kentucky, and after reaching Mr. Graham's residence he discovered he had left his pocketbook at Mr. Tolbert's and he returned to said Tolbert's to obtain it, where he had been theretofore living, working and residing, and his intention was when he obtained said pocketbook to proceed on his journey, then he would be a traveler, and exempt as such as set out in the main charge herein, or if they had any reasonable doubt of these matters, he would be entitled to an acquittal. And further requested the court to instruct the jury that if defendant had started on a journey, the morning on which he is charged with carrying the pistol, and that while on his route that morning intending to take the train, he discovered that he had lost or left his pocketbook at Mr. Tolbert's, where he had been living, and he had returned for the purpose of .getting his pocketbook intending immediately to resume his journey, and while at Tolbert's he was seen with a pistol, and up to that time he had not made any unreasonable delay in prosecuting his journey, then in contemplation of law he would be considered a traveler and not guilty. These special charges were in writing and refused. We are of opinion that under the facts of this case the charges should have been given. Irvin v. State, 51 Texas Crim. Rep., 52, 18 Texas Ct. Rep., 798; Stilly v. State, 27 Texas Crim. App., 446.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*