## P. B. CAMPBELL v. THE STATE.

### No. 467. Decided February 23, 1910.

**Carrying Pistol—Charge of Court—Traveler.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant had started from the city of his residence to another town in an automobile, and that when he was arrested with a pistol he was changing from the automobile to the train to continue his journey, and the court gave a very general charge on the issue of defendant being a traveler, and the defendant's requested charge embodied this phase of the defendant's evidence, it was reversible error to refuse the same. Following Irvin v. State, 51 Texas Crim. Rep., 52, and other cases.

Appeal from the County Court of Hill. Tried below before the Hon. Horton B. Porter.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Collins & Cummings,* for appellant.—Cited cases in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the County Court of Hill County on the 10th day of November last, finding appellant guilty of unlawfully carrying a pistol on and about his person, his punishment being assessed at a fine of $100.

The testimony shows that on the 30th day of October preceding, in front of his, appellant's, place of business, Frank Glasgow took from appellant while seated in an automobile a pistol. This is the sole testimony by the State. Appellant introduced several witnesses, and also testified in his own behalf to the effect in substance that on the day in question he had started from the town of Hillsboro intending to go to Waco, and that he was going from Hillsboro to the town of West in an automobile and expected at the last named place to take the train from West to Waco and to be gone some two or three days.

Whatever we may personally think of the evidence, it undoubtedly raised the issue that appellant was a traveler, as that term has been defined by many decisions of this court, and he was entitled, on timely request, to an appropriate and correct charge on that issue. Touching this matter the court gave in a charge to the jury the following instruction: "You are further charged that if you believe from the evidence that at said time and place the defendant had on his person a pistol, but you further believe that at said time the defendant was a person traveling as contemplated by the statute, or if you have reasonable doubt as to whether he was or not, then you will acquit the defendant." This charge was at the time excepted to upon the ground that it was vague, indefinite and uncertain and furnished to the jury no criterion by which they could determine who was a person traveling

as contemplated by the statute, and on the ground that the only question proper for the jury to determine was whether or not the defendant had then started on a journey to Waco, and if they believed that he had so started on such journey, it was a question of law for the court and not a question of fact as to whether or not he was a person traveling as contemplated by the statute. In connection with this exception counsel for appellant requested the court to give in charge to the jury the following special instruction: "You are instructed as the law of this case that the defendant, P. B. Campbell, would have a right to carry a pistol if you believe that he had begun his journey to West and Waco, in McLennan County, Texas, and if you have a reasonable doubt as to whether or not he had started to West and Waco at the time he stepped into the automobile, and at which time he was arrested you will give the defendant the benefit of that doubt and return a·verdict of not guilty." We think that the exceptions urged to the charge of the court are well taken and that in substance, at least, the special instructions requested should have been given. The statute exempts persons traveling, and it has been held that whether or not a defendant is a person traveling is a question for the jury. Shelton v. State, 27 Texas Crim. App., 443. It has also been held in many cases that one person going from one county to another is a person traveling. Eubanks v. State, 40 S. W. Rep., 973; Price v. State, 34 Texas Crim. Rep., 102; Thomas v. State, 37 Texas Crim. Rep., 142; Smith v. State, 42 Texas, 464; Stayton v. State, 40 S. W. Rep., 299; Impson v. State, 19 S. W. Rep., 677; Bain v. State, 38 Texas Crim. Rep., 635. It has also been held that one contemplating a journey who is arrested when about to board a train is a person traveling. Dillingham v. State, 32 S. W. Rep., 771. Nor is it a complete answer to appellant's defense to say that his journey to Waco would be interrupted by a change of the character of conveyance at West. It has been frequently held that a cessation of a journey on some legitimate business incident to the journey will not make a defendant cease to be a person traveling. Irvin v. State, 51 Texas Crim. Rep., 53; Mays v. State, 51 Texas Crim. Rep., 32; Price v. State, 34 Texas Crim. Rep., 102, and Fields v. State, 45 Texas Crim. Rep., 563.

The principles on which the defense is raised are also well settled and illustrated in the cases cited by appellant in his brief. Irvin v. State, 51 Texas Crim. Rep., 52, 100 S. W. Rep., 779; Hunt v. State, 52 Texas Crim. Rep., 477, 107 S. W. Rep., 842; Goodwin v. State, 55 Texas Crim. Rep., 179, 115 S. W. Rep., 1184.

The other questions raised are such as·are not likely to arise on another trial and need not be discussed.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*