**STATE of Missouri,**
**Plaintiff-Respondent,**

v.

**Danny C. COOPER, Defendant-Appellant.**

**No. 10708.**

Missouri Court of Appeals,
Springfield District.

March 14, 1978.

John D. Ashcroft, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Robert W. Richart, Joplin, for defendant-appellant.

PER CURIAM:

A Jasper County jury found defendant guilty of carrying a concealed weapon in violation of the first clause of § 564.610 [1] but could not agree upon punishment. Per Rule 27.03, the court fixed punishment at three years' imprisonment and defendant appealed.

■ First, we have a problem which must be resolved sua sponte. *State v. McIntyre*, 542 S.W.2d 793, 794 (Mo.App. 1976). The verdict was returned April 26, 1977. Defendant did not ask for or receive an extension of time to file a motion for a new trial. Hence, the motion should have been filed within ten days after verdict or no later than May 6, 1977. Rule 27.20(a).

However, the motion was not filed until May 12, 1977, or on the 16th day after verdict. Consequently, nothing embraced by the tardy motion was preserved for appellate review. *State v. Brown*, 543 S.W.2d 796[1] (Mo.App.1976); *State v. Harris*, 541 S.W.2d 686, 687[1] (Mo.App.1976); *State v. Nelson*, 526 S.W.2d 56, 57[1, 2] (Mo.App. 1975). Nonetheless, if the evidence adduced was insufficient to sustain the conviction, plain error affecting substantial rights is involved and we will review the matter to see if such error is present vel non. Rule 27.20(c); *State v. Asberry*, 559 S.W.2d 764, 768[5] (Mo.App.1977); *State v. Potter*, 530 S.W.2d 268, 269[1] (Mo.App.1975).

■ In part, § 564.610 provides: "If any person shall carry concealed upon or about his person a dangerous or deadly weapon of any kind or description . . . , he shall, upon conviction, be punished . . . , but nothing contained in this section shall apply . . . to persons traveling in a continuous journey peaceably through this state." Of course, the burden was on the state to prove each element of the offense charged and when, as here, defendant raised the special negative defense that he was within one of the exempted classes designated in the statute, supra, the state had the further burden of proving that defendant was not engaged in the excepted activity. *State v. Lewis*, 491 S.W.2d 326, 327 (Mo.1973); *State v. Achter*, 514 S.W.2d 825, 830 (Mo.App.1974); MAI-CR 2.04, Notes on Use, p. 2–9 (10–8–73).

*The State's Case-In-Chief*: On the night in question an automobile driven and solely occupied by defendant figured in a two-car accident in Joplin, Missouri. The collision occurred at the intersection of north-south Wall Avenue, a one-way street for northbound traffic, and 20th Street, an east-west thoroughfare providing for two-direction traffic. Defendant, first thought to be dead, had been thrown from the vehicle he had been driving and was found lying prone

---

1. References to statutes and rules are to RSMo 1969, V.A.M.S., and to Missouri Supreme Court Rules, V.A.M.R.

in the street with his stomach atop a revolver and five loose rounds of ammunition. He was wearing an empty gun shoulder holster concealed beneath a jacket. Defendant was taken from the scene to a hospital via ambulance.

*Defendant's Case* : The 31-year-old defendant resided in Riverton, Kansas. Prior to the accident date he had borrowed $1,000 from his mother for use in a possible Arkansas real estate venture. On the morning of the occurrence, defendant departed his Kansas abode for an intended round trip to Alma and Ft. Smith, Arkansas. To protect the borrowed cash, defendant armed himself with a revolver which was carried concealed beneath his jacket in a shoulder holster. En route to Arkansas, defendant drove to Joplin and thence south to Redings Mill, Missouri, where he was joined by a lady companion who accompanied him on the trip and provided two six-packs of beer as refreshments for the sojourn. Upon leaving Redings Mill, defendant took the Pump House Road to U.S. Highway 71 which he followed into Arkansas. On the return trip from Arkansas to Kansas through Missouri, defendant delivered his passenger to her home and drove northward on Main Street in Joplin intending to turn west on 20th Street to reach his Kansas residence. However, he inadvertently drove beyond 20th Street before realizing his error and at 19th Street (one block north of 20th Street), defendant turned west, traveled to Wall Avenue (two blocks west of Main Street) and thence south one block to 20th Street where the accident occurred.

*The State's Rebuttal Evidence* : Two Joplin policemen had questioned defendant in the hospital emergency room shortly after the casualty. One recounted that defendant said he thought he had been traveling south on Joplin Street (one block west

of Main Street) from 7th Street before the collision occurred. The other said he had conversed with defendant "[t]o an extent" but was not asked what had been said. With a sense of divination uniquely possessed by occasionally blessed members of the constabulary, the second officer was permitted to opine that defendant, though obviously injured, appeared to be intoxicated.[2] Defendant admittedly had never been charged with operating the motor vehicle with ten-hundredths of one percent or more alcohol in his blood (§ 564.439) or with driving while intoxicated (§ 564.440) or with having a dangerous weapon "in his possession when intoxicated." See note 2.

■ By taking judicial notice of highway routes between municipal corporations in this state and places and distances between locations in this and adjoining states [*State v. Tyler*, 187 Kan. 58, 353 P.2d 801, 803[1] (1960); *United States v. Hortze*, 179 F.Supp. 913, 915[2] (S.D.Cal.1959); *State v. Saunders*, 245 N.C. 338, 95 S.E.2d 876, 879 (1957); *Fields v. State*, 85 Okl.Cr. 439, 188 P.2d 231, 238[17] (1947); *People v. Henry*, 131 Cal.App. 82, 21 P.2d 672, 675[2] (1933); *Harper Furniture Co. v. Southern Express Co.*, 144 N.C. 639, 57 S.E. 458, 459 (1907)] we know that the principal and most practicable highway route to follow in traveling from Riverton, Kansas, to Alma and Ft. Smith, Arkansas, is via Joplin, Missouri, to gain access to U.S. Highway 71 which travels from Joplin to the Arkansas cities; that Redings Mill, Missouri, lies directly south of Joplin via Joplin's Main Street; and that U.S. Highway 71 may be reached by driving from Joplin to Redings Mill and thence to the highway with only minor deviations from other possible routes.[3]

■ *First Question* : Was defendant engaged in a "continuous journey" through Missouri at the time of the occurrence

2. Sec. 564.610, supra, also prohibits a person from having a dangerous and deadly weapon "in his possession when intoxicated" but, as previously noted, the prohibition does not apply "to persons traveling in a continuous journey peaceably through this state."

3. We may, in addition, take cognizance of such information as may be ascertained from a judicially noticed official state highway map. *In re Village of Lone Jack*, 419 S.W.2d 87, 91[6] (Mo. banc 1967); *Belle St. Bank v. Ind. Com'n Div. of Emp. Sec.*, 547 S.W.2d 841, 843 n.2 (Mo.App. 1977).

which led to the discovery of his being armed? Our answer is "Yes." While there is a dearth of Missouri authority on the subject, we have received guidance from the courts of Texas in their interpretation of a statute which permitted traveling persons to carry concealed weapons "as long as they continue their journey." See, *Navarro v. State*, 50 Tex.Cr.R. 326, 96 S.W. 932 (1906). For example: A traveler is not required to take the shortest or most practical route to be qualified for the exemption. *Davis v. State*, 135 Tex.Cr.R. 659, 122 S.W.2d 635, 636[2] (1938). *Accord, Granger v. State*, 50 Tex.Cr.R. 488, 98 S.W. 836, 837 (1906). Likewise, neither will a temporary cessation of or turning aside from the journey to obtain provisions [*Price v. State*, 34 Tex.Cr.R. 102, 29 S.W. 473 (1895)], to conduct some legitimate business incident to the journey [*Campbell v. State*, 58 Tex. Cr.R. 349, 125 S.W. 893, 894[3] (1910)], to eat a meal [*Kemp v. State*, 116 Tex.Cr.R. 90, 31 S.W.2d 652, 653[4, 5] (1930)], to purchase medicine and secure the services of a doctor for a sick child [*Irvin v. State*, 51 Tex.Cr.R. 52, 100 S.W. 779, 780[4, 5] (1907)], or to return to the starting point to obtain a forgotten item [*Goodwin v. State*, 55 Tex. Cr.R. 179, 115 S.W. 1184 (1909)] deprive one of the status of a traveler in a continuous journey, provided the journey is in good faith pursued. *Grant v. State*, 112 Tex. Cr.R. 20, 13 S.W.2d 889, 890[1] (1928), upon rehearing granted (1929). We do not agree, as suggested in the state's brief, that a slight departure from an exact direct course in a trip to obtain the association of a traveling companion serves to disengage one from a continuous journey. Also, as motorists who on occasion have temporarily and inadvertently become travelers along unintended paths, we do not interpret the mishap of missing a turn as constituting such a deviation as to effectively extract a driver from the status of a continuing voyager.

*Second Question*: Albeit we have concluded that defendant was engaged in a "continuous journey," we must additionally determine whether he was also traveling "peaceably." We believe he was. "Peaceably" is defined as "in a peaceable manner," i. e., "not quarrelsome" (Webster's New World Dictionary of the American Language, College Ed., p. 1075) or "in a peaceable and friendly manner; without contention or strife." Webster's Third New International Dictionary of the English Language, Unabridged, p. 1660. It has also been said that "[o]ne is peaceable who is not quarrelsome" [*Richardson v. State*, 94 Tex. Cr.R. 616, 253 S.W. 273, 277[8] (1923)] and that the "carrying of arms in a quiet, peaceable, and orderly manner, concealed on or about the person carrying them, is not a breach of the peace nor does it tend to a breach of the peace." 12 Am.Jur.2d, Breach of Peace, Etc., § 8, at p. 670; *Judy v. Lashley*, 50 W.Va. 628, 41 S.E. 197, 200[3] (1902); *Roberson v. State*, 43 Fla. 156, 29 So. 535, 538 (1901). As observed in Note 2, supra, § 564.610 condemns the possession of weapons by intoxicated persons provided they are not traveling in a continuous journey peaceably through the state. In other words, and assuming defendant's intoxication for argument's sake, the fact of intoxication, if so, would be of no moment in a prosecution under § 564.610 unless the intoxication was accompanied by unpeaceable conduct. There was no showing that defendant was not peaceable in his continuous journey through this state.

For the reasons stated the judgment is reversed and defendant is ordered discharged.

All concur.