Thomas Felix **SODERMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 14–95–00233–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 18, 1996.

Rehearing Overruled Feb. 15, 1996.

---

Thomas F. Soderman, Lake Jacson, for appellant.

David Bosserman, Angleton, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

EDELMAN, Justice.

Thomas Felix Soderman, appearing pro se, appeals his conviction for unlawful carrying of a weapon on the grounds that (1) the prosecution should have been dismissed with prejudice because the information was filed too late, (2) the trial judge should have recused himself, (3) an instruction on the defense of traveling should have been submitted to the jury, (4) the weapons statute is void for vagueness, and (5) he did not effectively waive assistance of counsel. In a supplemental brief, appellant also complains that the justice of the peace and arresting officer lacked authority to issue an arrest warrant and conduct the arrest, respectively, because they either filed late, or failed to file, a required signed statement before they subscribed their oaths of office. We affirm.

On March 2, 1994 appellant drove from Lake Jackson in southern Brazoria County to meet a friend at a restaurant near Intercontinental Airport in northern Harris County, and then back to Clute, southeast of Lake

Jackson in Brazoria County, for a meeting with undercover police officer Kibodeaux. At that meeting, Kibodeaux arrested appellant on a deceptive business practice charge and, while conducting an inventory search of appellant's car, found a handgun.

On July 27, 1994, the prosecutor filed an information with County Court at Law No. 3 of Brazoria County charging appellant with unlawfully carrying a weapon. On August 19, appellant filed a motion for dismissal with prejudice on the grounds that two terms of the county court had expired from the time of his arrest until the time he was charged. *See* TEX.CODE CRIM.PROC.ANN. art. 32.01 (Vernon 1989). The trial court denied this motion for dismissal. At trial, appellant requested a jury charge instruction on the defense of traveling. *See* TEX.PENAL CODE ANN. 46.03(a)(3) (Vernon 1994).[1] The court denied this request and the jury returned a guilty verdict.

■ In his first point of error, appellant argues that because two terms of the statutory county court had expired between the time of his arrest and the filing of his indictment,[2] the prosecution against him must be dismissed with prejudice under Article 32.01 of the Code of Criminal Procedure, which provides:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the *district court,* the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such defendant at the next term of the court which is held after his commitment or admission to bail.

TEX.CODE CRIM.PROC.ANN. art. 32.01 (Vernon 1989) (emphasis added). By its plain language, however, this provision applies only to district courts. *See Uptergrove v. State,* 881 S.W.2d 529, 531 (Tex.App.—Texarkana 1994, no pet.) (holding article 32.01 applies only to a criminal accusation before a district court). Absent any language in the statute or case law to support applying this provision to county courts, we are without authority to do so. Therefore, we overrule appellant's first point of error.

In his second point of error, appellant claims that the trial judge was required to recuse himself for bias in this case because appellant had previously filed two civil rights complaints against him for violating his constitutional rights.[3]

■ The procedure for recusal of judges in Texas Rule of Civil Procedure 18a also applies in criminal cases. *Arnold v. State,* 853 S.W.2d 543, 544 (Tex.Crim.App.1993). Under Rule 18a(a), a motion to recuse must be filed at least 10 days before the date set for trial.[4] Failure to comply with this notice requirement waives any appellate complaint. *Id.* Therefore, even if there had been a valid ground for recusal, having failed to file a timely motion, appellant waived this complaint. Moreover, even if appellant had filed a timely motion to recuse, the fact that he was suing the judge for an alleged civil rights violation would not alone create bias. *See Chamberlain v. State,* 453 S.W.2d 490, 492 (Tex.Crim.App.1970). As the Court of Criminal Appeals has explained, "[i]f the mere filing of a civil action against the judge presiding at a criminal case would disqualify him, then any judge would be subject to disqualification at the whim of a defendant."

---

1. References to the Penal Code are to the version in effect at the time the crime was committed. Effective September 1, 1994, this provision became Section 46.02(b)(3).

2. Appellant claims that terms of the trial court expired on March 31, 1994 and June 30, 1994, but has cited no authority for this proposition, nor have we found any.

3. One of these civil rights complaints was filed in connection with this prosecution, and the other was filed in connection with an unrelated prosecution.

4. However, a motion for recusal on constitutional grounds can be presented any time. *See Buckholts ISD v. Glaser,* 632 S.W.2d 146, 148 (Tex. 1982). Judges are constitutionally prohibited from sitting in any case in which they (1) have a financial interest, (2) are related to any of the parties, or (3) have been counsel in the case. TEX. CONST. art. V. 11. None of these grounds were asserted in this case.

*Id.* Accordingly, we overrule appellant's second point of error.

■ In his third point of error, appellant argues that the trial court erred by denying his request to include an issue or instruction in the jury charge regarding whether the appellant was entitled to carry his handgun because he was "traveling." [5] The State contends that the evidence did not raise the issue of traveling, and, even if it had, appellant waived any error by failing to properly request such an instruction.

■ If evidence is introduced from any source which raises an issue on a defensive theory, the theory must, upon proper request, be included in the court's charge. *Ojeda v. State,* 712 S.W.2d 742 (Tex.Crim. App.1986). A defendant is entitled to a charge on every issue raised by the evidence, whether it be strong, weak, unimpeached, or contradicted. *Lugo v. State,* 667 S.W.2d 144, 146 (Tex.Crim.App.1984). It is not the court's function to determine the credibility or weight to be given the evidence raising the defensive issue. *Gibson v. State,* 726 S.W.2d 129, 133 (Tex.Crim.App.1987). The fact that the evidence raising the issue may conflict or contradict other evidence in the case is not relevant to the determination of whether a charge on the issue must be given. *Id.* In this case, therefore, we must determine whether there was any evidence to support the defensive theory of traveling.

Even though the traveling exception has been in existence in Texas since enactment of the first proscription on carrying handguns under Article 484, Vernon's Ann.Pen.Code (1871),[6] what constitutes traveling remains a source of discussion, particularly in light of modern advances in the manner and speed of travel. *See generally Newman, A Farewell to Arms?—An Analysis of Texas Handgun Control Law,* 13 St.Mary's L.J. 601, 607 (1982); *see also Moosani v. State,* No. 44–013 (Tex.Crim.App. Dec. 6, 1995) (Baird J., dissenting) (noting "the plain language of the statute is ambiguous"); *Smith v. State,* 630 S.W.2d 948, 951 (Tex.Crim.App.1982) (stating that decisions are in a condition of "hopeless confusion" as to when someone is a traveler).

■ Texas courts have never strictly defined traveling, but, in applying it, have generally considered the distance, time and mode of travel. Seth S. Searcy III & James R. Patterson, Practice Commentary, Tex.Penal Code Ann. 46.03 (Vernon 1989). However, regardless of these factors, traveling status ceases when a traveler has returned from his journey. *See Smith,* 630 S.W.2d at 951 (holding that defendant did not have privilege while en route from his place of employment to girl friend's residence after returning from fishing trip); *Kiles v. State,* 398 S.W.2d 568, 569 (Tex.Crim.App.1966) (holding that where defendant returned from out-of-state trip, went home to change clothes, picked up wife and then rode into country where he was arrested, defendant was not a bona fide traveler).

■ Moreover, if a traveler loiters along the way or unnecessarily deviates from the course of travel, the travel exemption does not apply. *Payne v. State,* 494 S.W.2d 898, 900 (Tex.Crim.App.1973) (holding that defendant was not entitled to requested jury instruction where evidence showed that he had deviated from the course of his travel and loitered). However, interruption of the journey for legitimate incidental purposes does not forfeit the traveler's right to carry a pistol. *Kemp v. State,* 31 S.W.2d 652, 653 (Tex.Crim.App.1930) (holding that stopping at restaurant to eat while leaving gun in car

---

5. At the time of the offense, Sections 46.02 and 46.03 of the Texas Penal Code read, in part:
   46.02 Unlawful Carrying Weapons.
   (a) A person commits an offense if he intentionally, knowingly, or recklessly carries on or about his person a handgun, illegal knife, or club.
   46.03 Non–Applicable
   The provisions of Section 46.02 of this code do not apply to a person:
   ....
   (3) traveling; ...

6. Act approved April 12, 1871, 12th Leg., R.S., ch. 34, § 1, 1871 Tex.Gen.Laws 25, 25 *reprinted in* 6 H.P.N. Gammel Laws Of Texas 927, 927 (1898); Act of April 10, 1918, 35th Leg., R.S., ch. 91, § 1, 1918 Tex.Gen.Laws 194, 194. *See,* Rev. P.C. 1879, art. 319, Rev.P.C. 1895, art. 339, Rev.P.C.1911, art. 476, Vernon's Ann.P.C. (1925) art. 489, Vernon's Tex.Penal Code Ann. (1973) art. 46.03(a)(3); (current version at Tex.Penal Code Ann. 46.02(b)(3) (Vernon Supp.1996)).

did not cause loss of traveler exemption); *Irvin v. State*, 100 S.W. 779, 780 (Tex.Crim. App.1907) (holding that deviating from course of travel to seek doctor for child did not negate traveler status).

The evidence in this case indicated that appellant traveled some 170 miles in a one-day trip from Lake Jackson in southern Brazoria County to northern Harris County and then back, beyond Lake Jackson, to Clute in southeastern Brazoria County. Whether or not appellant was a traveler while en route to or from northern Harris County, any such travel concluded upon his return to the Lake Jackson area. Moreover, the record indicates that appellant had traveled to Harris County to meet friends, and had carried a gun for target shooting there. There was no evidence that appellant's subsequent meeting in Clute with Officer Kibodeaux was either related or incidental to that travel. *See Kemp*, 31 S.W.2d at 653. Thus, even if appellant had previously been a traveler, we find no evidence that he was in the course of that travel when he was apprehended. Therefore, he was not entitled to a jury charge instruction on traveling, and, we need not decide whether he properly requested one. Accordingly, appellant's third point of error is overruled.

In his fourth point of error, appellant argues that the statute providing a traveler's exemption is unfairly construed by the courts against the appellant because it does not define with certainty or specificity who or what a traveler is. Such ambiguity, appellant claims, leaves the statute void for vagueness.

A penal statute may be void for vagueness when it either forbids or requires the doing of an act in terms so vague that men of common intelligence must guess as to its meaning and differ as to its application. *Engelking v. State*, 750 S.W.2d 213, 215 (Tex. Crim.App.1988). Such a statute must give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden and the statute may not encourage arbitrary and erratic arrests and convictions. *Id.* However, a statute is not unconstitutionally vague merely because its terms are not specifically defined. *Id.*

The exception for traveling is obviously not a bright-line test, and the standards that have evolved from case law are not a model of clarity. However, we believe that people of common intelligence can ordinarily make a reasonable assessment as to whether they are traveling, and, thus, that the exception for doing so is not so unclear as to be void. Accordingly, appellant's fourth point of error is overruled.

In his fifth point of error, appellant argues that his sentence of imprisonment is unlawful because the record shows no written waiver of his right to counsel which he contends is required under Article 1.051(g) of the Code of Criminal Procedure.[7]

However, when an accused affirmatively asserts his right to self-representation, a written waiver of the right to counsel is not required. *Burgess v. State*, 816 S.W.2d 424, 430 (Tex.Crim.App.1991). In this context, the provisions of Article 1.051(f) and (g) are not mandatory. *Id.* at 431. When a defendant asserts his pro se rights, the analysis must center on whether the

---

7. Subsections (f) and (g) of Article 1.051 provide:
   (f) A defendant may voluntarily and intelligently waive in writing the right to counsel.
   (g) If a defendant wishes to waive his right to counsel, the court shall advise him of the dangers and disadvantages of self-representation. If the court determines that the waiver is voluntarily and intelligently made, the court shall provide the defendant with a statement substantially in the following form, which if signed by the defendant, shall be filed with and become part of the record of the proceedings:
   "I have been advised this —— day of ——, 19——, by the (name of court) Court of my right to representation by counsel in the trial of the charge pending against me. I have been further advised that if I am unable to afford counsel, one will be appointed for me free of charge. Understanding my right to have counsel appointed for me free of charge if I am not financially able to employ counsel, I wish to waive that right and request the court to proceed with my case without an attorney being appointed for me. I hereby waive my right to counsel. (signature of the defendant)"
   Tex.Code Crim.Proc.Ann. art. 1.051(f), (g) (Vernon Supp.1996).

defendant is aware of the dangers and disadvantages of self-representation. *Johnson v. State,* 760 S.W.2d 277, 278 (Tex.Crim.App. 1988). Thus, the focus of a trial court's admonishments to a defendant wishing to proceed pro se is on the knowing and intelligent assertion of the right to self-representation. *Id.*

In this case, the trial court repeatedly urged and admonished appellant to obtain counsel. Before the trial began, the judge warned appellant in the following manner:

> THE COURT: All right. Now, the only other thing that I want to advise you no matter what I been [sic] through with you before, I strongly urge you to obtain counsel. You're at a serious disadvantage in front of a jury. Should there be a conviction by the jury, the maximum is a potential jail incarceration of one year and a fine up to $3,000. You are at a serious disadvantage by going against a licensed professional; and I will tell you at this point that if you will tell me that you are going to retain counsel, that being a licensed attorney in the state of Texas or from another state who is permitted to practice in this state, that I will grant you a continuance to allow you to do so. You are at risk by going forward representing yourself. Do you still choose to do that?
>
> MR. SODERMAN: Yes, sir. I don't see any reason why I should expend money to defend against a non crime (sic).
>
> THE COURT: Well, the reason I think you should consider expending the money is because you're probably putting yourself in harm's way for the potential of going to jail for some length of time should this jury find that you're guilty of the offense that you have been alleged to have committed. That's what I see as the downside. With that in mind, do you intend to go forward on a Pro Se or Pro Per basis?
>
> MR. SODERMAN: Yes, sir.
>
> THE COURT: That's noted on the record.

Thus, the trial judge warned appellant of the dangers of proceeding pro se, but despite such warnings, appellant exercised his right to self-representation. As there is no requirement that such waiver be in writing, and because the record reflects that appellant made a knowing and intelligent waiver after being advised of the risks of doing so, we overrule his fifth point of error.

■ In his supplemental appellate brief, appellant asserts two additional points of error which he calls "jurisdictional defects." These points of error contend that Justice of the Peace Bobby Smith, who issued appellant's arrest warrant, and Officer Kibodeaux, who arrested appellant, each lacked authority to do so because they failed to file a signed "anti-bribery" statement before taking their oaths of office, as required by Article 16, Sections 1(e) and 1(f) of the Texas Constitution.[8] Because of such non-compliance with this requirement, appellant argues that the warrant and subsequent arrest were invalid. *See French v. State,* 572 S.W.2d 934, 939 (Tex.1977) (holding search warrant invalid where issued by one who had not taken the

---

8. Article 16, Section 1(e) of the Texas Constitution reads:

> Members of the Legislature and all other elected officers shall file the signed statement required by Subsection (b) of this section with the Secretary of State before taking the Oath or Affirmation of office prescribed by Subsection (a) of this section.

The signed statement required by Subsection (b) referred to above reads:

> I, ——, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, promised to pay, contributed, or promised to contribute any money or thing of value, or promised any public office or employment for the giving or withholding of a vote at the election at which I was elected so help me God.

TEX. CONST. art. 16, § 1(e).

Article 16, Section 1(f) of the Texas Constitution reads:

> The Secretary of State and all other appointed officers shall file the signed statement required by Subsection (d) of this section with the Secretary of State before taking the Oath or Affirmation of office prescribed by Subsection (c) of this section.

The signed statement required by Subsection (d) referred to above reads:

> I, ——, do solemnly swear (or affirm) that I have not directly or indirectly paid, offered, or promised to pay, contributed, or promised to contribute any money, or valuable thing, or promised any public office or employment, as a reward to secure my appointment or confirmation thereof, so help me God.

TEX. CONST. art. 16, § 1(f).

oath of office); *Enloe v. State,* 141 Tex.Crim. 602, 150 S.W.2d 1039, 1042 (1941) (holding judge lacked authority to empanel grand jury by not subscribing to the current oath of office); *Garza v. State,* 249 S.W.2d 212, 212 (Tex.Crim.App.1952) (holding acts of trial judge invalid where judge subscribed to so-called old oath of office); *Brown v. State,* 238 S.W.2d 787, 787 (Tex.Crim.App.1950) (holding special judge, until he takes oath, has no authority to act).

Importantly, however, appellant does not contend that Smith and Kibodeaux failed to take an oath of office, but rather that their oaths were invalid because the anti-bribery statements were filed late or not filed at all. Thus, the foregoing cases cited by appellant are inapplicable. As appellant has cited no other authority to support his position, and we have found none, we have no basis to conclude that the mere failure to submit these written statements, when the oaths themselves have been taken, renders the oaths invalid. Accordingly, appellant's supplemental points of error are overruled, and the judgment of the trial court is affirmed.