NO. 07-02-0301-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



NOVEMBER 14, 2002


______________________________



DAN THOMAS,




 Appellant


v.



RANDY BURKHALTER AND C. JOHNSON, 




 Appellees

_________________________________



FROM THE COUNTY COURT AT LAW OF POLK COUNTY;



NO. CV01945; HON. STEPHEN PHILLIPS, PRESIDING


_______________________________



Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Appellant Dan Thomas (Thomas) appeals from the trial court's dismissal of his
lawsuit against Randy Burkhalter (Burkhalter) and C. Johnson (Johnson). Thomas
asserts, by way of two issues, that 1) the trial court lacked jurisdiction over his suit
because the judge had failed to take the constitutional oath of office, and 2) "the house bill
#1343, that enacted into law . . . 'inmate litigation' is void due to it's [sic] authors and
sponsor[] legislators failure to comply with the provision of the Texas Constitution,
Article:16, Section 1, as amended." We affirm. 

 Background 


 On October 27, 2000, prison inmate Thomas filed suit pro se and in forma pauperis
alleging that Burkhalter and Johnson, officers employed by the Texas Department of
Criminal Justice, wrongfully deprived him of his property, specifically "a lock and key." 
Thus, Thomas sued for negligence, conversion, detinue, replevin, and bailment in the
Justice of the Peace Court in Polk County, Texas. The trial court dismissed the petition
for failing to obtain the State's permission to file suit. Thomas, then, appealed to the
County Court at Law of Polk County, which was dismissed by that court based on the
failure of Thomas' pleadings to meet the requirements set out in §14.001 of the Texas Civil
Practice and Remedies Code. A motion for new trial was filed by Thomas wherein he
alleged the identical grounds he now submits on appeal.

Issues One and Two - Proof of Oath of Office


 Through his two issues, Thomas contends that the trial judge had failed to take the
various constitutionally required oaths of office and file written proof that same were taken
with the Secretary of State. So too does he allege that the statute upon which the trial
court relied in dismissing his suit as frivolous, §§14.004 and 14.006(F) of the Texas Civil
Practice and Remedies Code, was allegedly void because the legislative members who
"authored and sponsored" it "failed to take or retake their oaths and file their bribery oath
. . . with the Secretary of State in 1995." Thus, according to Thomas, the trial court did not
have the capacity to "act as a court" and dismiss the suit. Nor could it dismiss the
proceeding via authority granted by a void act. We disagree and overrule the issue.

 Assuming arguendo that the failure to take the oath of office or "bribery oath"
somehow divests both a judge and legislator with power to act, there exists no evidence
of record which illustrates that such oaths were not taken or filed with the Secretary of
State. Nor can the missing evidence be supplied through our taking "judicial notice" of the
records of the Secretary of State, as Thomas would have us do. First, authority prohibits
us from taking judicial notice of the contents of records filed with sister courts without proof
of those records. Richards v. Commission for Lawyer Discipline, 35 S.W.3d 243, 251 (Tex.
App.-Houston [14th Dist.] 2000, no pet.). Thus, by analogy, we cannot take judicial notice
of the contents of records filed with an administrative agency operating under a distinct
branch of government without proof of those records. And, Thomas did not provide that
proof. 

 Furthermore, assuming that the oaths were not filed, that does not establish that
they were not taken. Conceivably, they could have been taken and not filed. So, even if
we were to judicially notice the contents of the Secretary's records and discovered no
oaths, their absence does not prove they were never taken. And, most importantly, simply
failing to file an oath that has been taken does not deprive the official of his authority. 
Soderman v. State, 915 S.W.2d 605, 611-12 (Tex. App.-Houston [14th Dist.] 1996, writ
ref'd).

 Finding no evidence of record to support Thomas' contentions, we affirm the
judgment entered below. 

 Brian Quinn

 Justice



Publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't
Code Ann. §75.002(a)(1) (Vernon Supp. 2002). 



um List 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00262-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL A

 



OCTOBER
22, 2010

 



 

MULTIPLAN, INC., APPELLANT

 

v.

 

LUBBOCK HEART HOSPITAL, LP, UNITED HEALTHCARE INSURANCE COMPANY, ET AL,
APPELLEES 



 



 

 FROM THE 99TH DISTRICT COURT OF LUBBOCK
COUNTY;

 

NO. 2007-541,633; HONORABLE WILLIAM C. SOWDER, JUDGE



 



 

Before CAMPBELL
and HANCOCK and PIRTLE, JJ.

 

 

ORDER

 

Before the court is the unopposed
motion of appellee Principal Life Insurance Company
to abate the appeal or extend its briefing deadline by forty-five days.  According to the motion, Principal Life and
appellant Multiplan, Inc. have reached a settlement in principle of this
matter but require additional time beyond the existing deadline for Principal
Lifes brief to close the matter. 

The appeal is abated until further
order of the court.  If a proper motion
for voluntary dismissal of the appeal is not filed with the court within
forty-five days of this order, Principal Life is directed to submit a status
report on the forty-fifth day following this order.

            It
is so ordered.

Per Curiam